SAVAGE et v. HARDIN BD. OF CO. COMMRS.

Ohio Appeals, 3rd Dist., Hardin Co.

No. 199. Decided Apr. 28, 1928.

Before Judges Crow, Hughes and Justice.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**1053. ROADS AND HIGHWAYS—1159. TAXES AND ASSESSMENTS.**
Where state highway is originally improved with waterbound macadam and thereafter maintained by applying treatments of crushed limestone and tar, and later claimed to be rebuilt by constructing new culverts, widening pavement, and placing wearing course of bituminous macadam on top, such claimed rebuilding is neither new construction, nor such repair as is authorized by 1224 GC., and property cannot be legally assessed for portion of cost.

Appeal from Common Pleas.

Decree for plaintiff.

Stickle & Cessna, Mahon & Mahon and John H. Smick, Kenton, for Savage.

Stillings & Johnson and L. B. Brown, Kenton, for Co. Comm.

**FULL TEXT.**

JUSTICE, J.

The action was originally brought in the court of common pleas to restrain the defendants from certifying, placing on the duplicate and collecting certain assessments, levied against plaintiffs' lands, for the improvement of Section "A," I. C. H. No. 228. That court granted a perpetual injunction as prayed for, and the defendants appealed the cause to this court.

It seems that in the year 1913 the state took over the Kenton and Marysville turnpike and made it a part of Intercounty Highway No. 228. In 1914 the state improved Section "A," by original construction, with waterbound macadam and thereafter maintained it by applying thereto treatments of crushed limestone and tar. In the years 1923 and 1924, Section "A" was rebuilt by the Highway Director; two new culverts were constructed; the pavement was widened; and, a wearing course of bituminous macadam was placed on top of the material used in the 1914 improvement.

It is the contention of the plaintiffs that the 1923 and 1924 improvement was a repair job; that in making such repair, the Director of Highways did not change the type of the road and use, as the principal material in making such repair, a material different than that used in its original construction; and, therefore, their lands cannot be legally assessed for such improvement. It is the contention of the defendants that the work done was either a new construction or such a repair as is authorized by Section 1224, General Code; and, that plaintiffs' lands are therefore legally assessed.

We have carefully considered all the evidence in this case. It is not in dispute. And without further comment thereon, we find and hold that the improvement was not a new construction. The improvement was nothing more nor less than a repair of the road. But, was it a repair of such a character as to justify the assessments complained of?

Counsel for defendants contend that Section 1224, General Code, is controlling and authorizes the assessments in question. This section, so far as pertinent here, provides:

"When in the repair of an intercounty highway * * the director changes the type of such road and uses, as the principal material in making such repairs, a material different from that which the road was originally constructed, not more than ten percent of the cost and expense of such repair may be assessed against the property * * * within one mile of either side thereof. * * * *"

This statute is plain. It provides when assessments may be levied. Obviously, to authorize an assessment under this statute, the Director of Highways, in repairing a road, must not only change the type of the road, but he must also use, as the principal material in making such repairs, a material different than that used in its original construction.

Concededly, the road was originally constructed by the state as a waterbound macadam. If not in the year 1917, then in the year 1921, the state converted the road from a waterbound macadam to a bituminous macadam. From the year 1921 to the year 1923 the pavement was bituminous macadam. In the years 1923 and 1924 the road was again surface treated with tar. Our conclusion, therefore, is that the type of the road was not changed by the 1923 and 1924 improvement.

Since the type of the road was not changed by the 1923 and 1924 improvement, it is of no moment here whether the Director of Highways, in repairing the road, did or did not use as the principal material in making such repairs, a material different than that used in the original construction of the road. We, therefore, do not decide that question.

Holding these views, it follows, that the assessments are not authorized under Section 1224, General Code; and, that plaintiffs are entitled to the relief prayed for. A decree should be entered as was entered in the court of common pleas. Decree accordingly.